IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BARBARA JOHNSON,                    :
                                    :
        Plaintiff,                  :
                                    :
VS.                                 : CIVIL ACTION NO. 10-00141-KD-B
                                    :
CITY OF MOBILE, *et al.*,           :
                                    :
        Defendants.                 :

## REPORT AND RECOMMENDATION

This case is before the Court on Defendants City of Mobile, Laura Clark, Ray Richardson, Ron Jackson, Richard Olson, Bert Hoffman, Frank Palombo, John Bell, Al Stokes, and Sam Jones' Motion to Dismiss. Based upon a careful review of Defendants' motion and supporting brief, and the case file, the undersigned RECOMMENDS that Defendants' Motion be DENIED as premature.

## I.   Background

Plaintiff Barbara Johnson filed the instant employment discrimination action against Defendants City of Mobile, Laura Clark, Ray Richardson, Ron Jackson, Richard Olson, Bert Hoffman, Frank Palombo, John Bell, Al Stokes, and Sam Jones.  In Count One of her Complaint, Plaintiff alleges that the City of Mobile failed to promote her on account of her race and gender and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. (Doc. 1 at p. 4). In Count Two of her Complaint, Plaintiff alleges that the City of Mobile failed to promote her on account of her

race in violation of 42 U. S. C. § 1981. (Id.) In Count Three of her Complaint, Plaintiff alleges violations of 42 U.S.C. § 1983 in that the individual Defendants denied her equal protection as she was denied promotions based on her race and gender, was subjected to disparate treatment with respect to her salary and discipline on account of her race and gender, and was subjected to retaliation. (Doc. 1 at p. 5).

In Defendants' Motion to Dismiss, they argue that some of the failure to promote claims asserted by Plaintiff in this case are identical to claims which she asserted in two prior suits against the City of Mobile. Defendants argue that because those claims were previously dismissed on the merits, Plaintiff is barred by the doctrine of res judicata from asserting those same claims in this action. Although Plaintiff was directed to file a response to Defendants' motion, she failed to do so.

## II. <u>Analysis</u>

### A. <u>Standard of Review</u>

As a preliminary matter, the undersigned observes that courts in the Eleventh Circuit have held that the failure of a party to respond or oppose a pending motion may constitute an abandonment of the claims at issue in that motion. <u>See</u> <u>Coalition for the Abolition of Marijuana Prohibition v. City of</u> <u>Atlanta</u>, 219 F.3d 1301, 1326 (11th Cir. 2000)(finding that a party's failure to brief and argue an issue before the district

court is grounds for declaring it abandoned); <u>Hooper v. City of</u>

<u>Montgomery</u>, 482 F. Supp. 2d 1330, 1334 (M.D. Ala.

2007)(concluding that where plaintiff did not address claim in

response to motion to dismiss claim dismissed as abandoned).

While lack of opposition certainly provides sufficient basis for

"abandonment," the better course of action is to consider the

motion on its merits. <u>The Northern Assurance Co. of America v.</u>

<u>Bayside Marine Construction, Inc.</u>, 2009 U.S. Dist. LEXIS 4033

(S.D. Ala. Jan. 20, 2009).[1]

---

[1] In <u>Northern Assurance Co.</u>, the Court cautioned that:

> [T]he court is under no duty to exercise
> imagination and conjure what a ...[party] might have
> alleged, but did not, and do counsel's work for him or
> her." <u>Pinto v. Universidad De Puerto Rico</u>, 895 F. 2d
> 18, 19 (1st Cir. 1990); <u>see also</u> <u>Lyes v. City of</u>
> <u>Rivera Beach, Fla.</u>, 126 F.3d 1380, 1388 (11th Cir.
> 1997)(explaining that "the onus is upon the parties to
> formulate arguments"); <u>Resolution Trust Corp. v. Dumar</u>
> <u>Corp</u>., 43 F.3d 587, 599 (11th Cir. 1995)('[t]here is
> no burden upon the district court to distill every
> potential argument that could be made based upon the
> materials before it."); <u>Bowden ex rel. Bowden v. Wal-</u>
> <u>Mart Stores, Inc.</u>, 124 F. Supp. 2d 1228, 1236 (M.D.
> Ala. 2000)('[i]t is not for the court to manufacture
> arguments on plaintiff's behalf"). Accordingly,. .
> .[a party's] decision not to proffer argument or
> authority in response to the Motion [to dismiss] is at
> his peril.

<u>The Northern Assurance Co. of America v. Bayside Marine</u>
<u>Construction, Inc.</u>, 2009 U.S. Dist. LEXIS 4033 (S.D. Ala. Jan.
20, 2009) (quoting <u>Anderson v. Greene</u>, 2005 U.S. Dist. LEXIS
38684, 2005 WL 1971116, *3 (S.D. Ala. Aug. 16, 2005)

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim "when its allegations . . . show that an affirmative defense bars recovery on the claim." Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001). See also Larter & Sons, Inc. v. Dinkler Hotels Co., 199 F.2d 854, 855 (5th Cir. 1952)(holding that res judicata is an affirmative defense that can be raised in a 12(b)(6) motion). In this Circuit, a claim is precluded by prior litigation if: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999).

Two cases are the same "claim" or "cause of action" "if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate as a former action." Ragsdale, 193 F.3d at 1239. "Res judicata applies not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." Manning v. City of Auburn, 953 F.2d 1355, 1358-59 (11th Cir. 1992) (citation and quotations omitted). A court must therefore examine all factual issues that must be resolved in the second suit and compare them with the

issues explored in the first suit. Ragsdale, 193 F.3d at 1239 (citation omitted).

B.  **Discussion**

As noted supra, in this action, Defendants argue that Plaintiff is attempting to relitigate claims that were decided against her in the cases styled Johnson v. City of Mobile, CA 07-00535-CG-M; and Johnson v. City of Mobile, CA 08-453-B; however, Defendants acknowledges that at this juncture, it is not clear which specific promotions Plaintiff is seeking to challenge in this action. The undersigned has reviewed the Court's Order granting summary judgment in favor of the City of Mobile in CA 07-00535-CG-M and the Order of Dismissal in CA 08-453-B [2]. In the first case, CA 07-00535-CG-M, the Court determined that Plaintiff Barbara Johnson had asserted numerous

---

[2] Generally, if a district court considers matters outside of the pleadings when ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), then the motion to dismiss must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56. See Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997). Where a district court converts a motion to dismiss into a motion for summary judgment, the court must provide all parties with a reasonable opportunity to present all material that is pertinent to the decision of whether summary judgment is appropriate. Id. A district court may, however, take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. See Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999). "Public records are among the permissible facts that a district court may consider." Universal Express, Inc. v. U.S. SEC, 177 F. App'x. 52, 53 (11th Cir. 2006) (citations omitted).

claims, including claims that she was denied a building inspector position in 2002 and 2005, a zoning position in 2006, and two municipal enforcement supervisor positions in 2007, against the City of Mobile. (Id. at Doc. 47). With respect to Plaintiff's failure to promote claims, the Court in CA 07-00535-CG-M concluded that Plaintiff failed to establish that she was denied these positions on account of her race or gender. The Court also rejected Plaintiff's claim that she was denied a training class and that she received a letter of reprimand due to discrimination. (Id.)

A review of CA 08-00453-B reflects that Plaintiff asserted claims of gender discrimination against the City of Mobile in connection with two municipal enforcement supervisor positions for which she applied in 2007. Plaintiff's claims were later dismissed with prejudice at her request. (Id. at Docs. 10, 11).

The undersigned has reviewed Plaintiff's Complaint in the instant action, and at this early juncture, where no discovery has been conducted, the Court simply cannot determine whether the claims asserted in Plaintiff's instant complaint are in fact the same claims that she raised in her prior lawsuits, or that she could have raised in her prior lawsuits. In other words, while Plaintiff is again complaining about the denial of promotions and disparate treatment, it is simply not clear whether her claims in the instant case are based on the same

nucleus of facts as her prior suits. Accordingly, the undersigned recommends that Defendants' Motion to Dismiss be denied as premature.

The attached sheet contains important information regarding objections to this recommendation.

DONE this **1st** day of **September, 2010.**

_____**/s/ Sonja F. Bivins**_____
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.   *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the

recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    ***Transcript (applicable Where Proceedings Tape Recorded).*** Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed. R. Civ. P. 72(b)(2).

planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this **1st** day of **September, 2010.**

_____/s/ SONJA F. BIVINS_____
**UNITED STATES MAGISTRATE JUDGE**